UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARY C. TINKEY,

        Plaintiff,

-vs-

JIM MORONEY'S, INC.

        Defendant.
-------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**06 CIV. 1030**

**BRIEANT**

## I   PARTIES

1. Plaintiff Mary C. Tinkey is a woman residing in Marlboro, New York.

2. Defendant Jim Moroney's, Inc., is a corporation organized pursuant to the laws of the State of New York. Its principal place of business is in New Windsor, New York. It employs more than 15 persons.

## II   JURISDICTION AND VENUE

3. As plaintiff brings suit under Title VII of the Civil Rights Act of 1964, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3) & (4) and 42 U.S.C. § 2000e et seq. As the state law claims arise from the same nucleus of operative facts as the Federal claim, this Court has jurisdiction over them pursuant to 28 U.S.C. § 1367.

4. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission on June 13, 2005. She received the right to sue letter on December 16, 2005. As this suit is brought within 90 days of plaintiff's receipt of the right to sue letter, this Court has jurisdiction to hear and decide this case.

5. As the events giving rise to this case arose in Orange County, within this Judicial

district, this case is properly venued in the Southern District of New York.

**III   FACTUAL AVERMENTS**

6. On August 20, 2004, plaintiff commenced employment with defendant as a motor clothes associate, responsible for selling motorcycle-related clothing.

7. Plaintiff's rate of pay was $9.50 per hour. She was typically assigned to work approximately 20 hours per week.

8. During plaintiff's employment, she received no formal performance evaluations and never received an employee handbook.

9. Moreover, plaintiff's supervisors did not criticize her job performance or indicate to her in any way that her job was in jeopardy.

10. In September 2004 plaintiff discovered that she was pregnant. Her supervisors immediately became aware of plaintiff's condition. Although plaintiff's condition sometimes required that she leave work early, she typically made up that time by working additional hours on other workdays.

11. On February 7, 2005 plaintiff was not feeling well and called in sick. She spoke with Christy Malley (the daughter of General Manager Ray Malley) who said it was not a problem that plaintiff could not work that day since it was not expected to be busy.

12. However, when plaintiff came to work the next day, her supervisor, Patty Maltz, immediately terminated her employment, stating, "What we need right now is not working out with your situation."

13. Later that day, Ray Malley called plaintiff's home, where plaintiff lives with her

mother in law, Doreen Tinkey. Malley told Doreen that defendant had to let her go because she was getting "rather large" and "we're afraid she's going to get hurt" and she might be a liability in light of the "type of work she does."

14. In fact, plaintiff was not performing any dangerous duties at work. Rather, she was folding clothes and handling matters in the retail section of the store. Plaintiff was not involved in building or maintaining motorcycles.

15. Defendant intentionally discriminated against plaintiff because of her pregnancy.

IV **CAUSES OF ACTION**

16. In terminating plaintiff because of her pregnancy, defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and New York Executive Law §§ 296-97.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that this Honorable Court:

a. accept jurisdiction over this case;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff compensatory damages for pain and suffering and lost wages and benefits;

d. award to plaintiff punitive damages in connection with her Federal claims;

e. award to plaintiff the reasonable attorneys' fees and costs expended in litigating this matter; and

f. order such other relief deemed just and proper.

Dated: February 6, 2006
      Chester, New York

Respectfully submitted,

S/ _Stephen Bergstein_
STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff

4